# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kolany Chatmon, | No. CV-20-02291-PHX-RCC |
| Petitioner, | **ORDER** |
| v. | |
| Federal Bureau of Prisons, et al., | |
| Respondents. | |

Petitioner Kolany Chatmon challenges the Federal Bureau of Prisons' (BOP) sentencing calculation in *United States v. Chatmon*, No. CR-09-02687-001-RCC, claiming the BOP did not give him credit for time served. (Doc. 4.)[1] This is not the first time he has argued the BOP's calculation is in error. (*See* Docs. 178, 180, 186, 189, 193, 197 in CR-09-02687-001-RCC.) On April 7, 2021, Magistrate Judge Camille D. Bibles issued a report and recommendation (R&R) indicating this Court should deny the amended petition (Doc. 4). (Doc. 24.)

*I.   Standard of Review: Magistrate's R&R*

The standard of review of a magistrate judge's R&R is dependent upon whether or not a party objects: where there is no objection to a magistrate's factual or legal determinations, the district court need not review the decision "under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, when a party objects,

---
[1] Unless otherwise noted, document numbers refer to ECF-generated documents in the instant matter, CV-20-02291-PHX-RCC.

the district court must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

## II. Report and Recommendation

The Magistrate Judge determined that the law mandated consecutive state and federal sentences, and Chatmon's federal sentence did not begin until he was transferred to federal custody—both physically and jurisdictionally—after serving his state sentence. (Doc. 24 at 11–12.) The Magistrate added:

> [A]lthough the 90-month portion of Chatmon's sentence ordered to be served concurrently with his 12-year state sentence was unquestionably completed prior to his release from state custody, the 30-month portion of Chatmon's federal sentence ordered to be served consecutively to his state sentence could only "commence[] on the date" Chatmon was "received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Therefore, Chatmon's remaining 30-month consecutive sentence could not commence any earlier than September 15, 2020, the date he was released from state custody.

(*Id.* at 9.) Moreover, the Magistrate Judge cited to 18 U.S.C. § 3585(b), which "limits the award [of credit for time served] to instances where the prior custody was not credited against another sentence," but does not permit "double credit for his detention time." (*Id.* at 9–10.) Therefore, the Magistrate Judge concluded, any state or federal time credited toward his state sentence could not be applied to his federal sentence. (*Id.* at 10.) This, the Magistrate said, excluded "the time Chatmon was in federal custody awaiting sentencing in the criminal proceedings in *United States v. Chatmon*, 4:09 CR 02687 RCC, during which time he was still in the primary custody of the state." (*Id.* at 10.) And so, the time "served prior to September 15, 2020, with the exception of the two days not credited to his twelve-year state sentence, cannot be applied to the remaining 30 months of his [consecutive] federal sentence." (*Id.* at 10.)

III.    *Chatmon's Objections*

Chatmon argues the Court intended to allow "'credit for time served' concurrently for both the federal and state sentences." (Doc. 28 at 3.) Chatmon points to the sentencing transcript, stating it suggests that the Court believed it was sentencing Chatom closer to 12 years' incarceration instead of the almost 15 years calculated by BOP. (*Id.* at 4.) Chatmon asks the Court for a hearing to clarify the Court's intention. (*Id.* at 6–7.)

The Court need not conduct an evidentiary hearing; its intent is clear. The Court sentenced Chatmon to "TEN (10) YEARS, with only THIRTY (30) MONTHS of the ten (10) year sentence to run consecutive with Maricopa County Superior Court case CR-2009129069, and with credit for time served." (Doc. 146 at 1 in CR-09-02687-001-RCC-CRP.) The Court later clarified that it "imposed a sentence with two and a half years of the sentence *consecutive to his state sentence*. That was the Court's intention and it appears, with all the Court has seen with his sentence calculation, that is what is being done." (Doc. 177 in CR-09-02687-001-RCC-CRP (emphasis added).) On November 17, 2020, the Court denied Chatmon's § 2255 habeas petition, stating it was more appropriately raised as a § 2241 petition, and adding that "all but 30 months of Movant's 10-year federal sentence was to run concurrently with his 12-year state sentence, and 30 months was to run consecutively to Movant's 12-year state sentence." (Doc. 196 at 2 in CR-09-02687-001-RCC-CRP.) In accordance with the judgment, Chatmon received credit for time served while in state custody for the concurrent portion of his sentence. The additional thirty (30) months were to run consecutive to the state sentence. This means, adding two days custody credit and 540 days Good Conduct Time, the BOP's calculations are correct.

Finally, Chatmon argues that the Court incorrectly denied his Motion for Release Pending Adjudication of his 2241 (Doc. 22) because the Magistrate Judge issued the R&R before he had an opportunity reply. Consequently, he believed he could then include argument on the motion in his objections rather than file a reply. (Doc. 28 at 2.) This is not a persuasive reason for the Court to reconsider its denial of the motion.

Accordingly, IT IS ORDERED Magistrate Judge Camille D. Bibles' Report and Recommendation is ADOPTED. (Doc. 24.) IT IS FURTHER ORDERED Kolany Chatmon's Petition for Writ of Habeas Corpus Pursuant [to] 28 U.S.C. § 2241 by a Person in Federal Custody is DENIED. (Doc. 4.)

Dated this 15th day of June, 2021.

Honorable Raner C. Collins
Senior United States District Judge